UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------X

In re:                                      E.D. Bankr. Case
                                            No. 896-80189-478

    BARBARA NEGOSH                          MEMORANDUM & ORDER
                                            09-CV-1479 (JS)
                    Debtor.
---------------------------------X

APPEARANCES:
For Appellant:        Barbara Negosh, Pro Se
                      528 Washington Avenue
                      Lindenhurst, NY 11757

For Appellee:         Neil H. Ackerman, Esq.
                      Meltzer, Lippe, Goldstein & Breitstone, LLP
                      190 Willis Avenue
                      Mineola, NY 11501

SEYBERT, District Judge:

        Pending before this Court is Appellee's motion to
dismiss an appeal by Barbara Negosh ("Negosh" or "Debtor" or
"Appellant") from the February 13, 2009 Memorandum and Order by
United States Bankruptcy Judge Alan Trust.  For the reasons set
forth below, Appellee's motion is GRANTED.

BACKGROUND

        This is the second appeal taken by Appellant, as
chapter 7 debtor in the bankruptcy case No. 04-BR-81073.
Appellant voluntarily filed her case in the Bankruptcy Court on
February 24, 2004.  On November 29, 2004, the Bankruptcy Court
discharged Appellant from her debts.  (Bankr. Docket No. 26.)
Over one year later, on April 5, 2006, Appellant filed a motion
to convert her Chapter 7 proceeding to one under Chapter 13.  At

a hearing on May 16, 2006, Bankruptcy Judge Stan Bernstein orally ruled that, based on a review of the papers, the Debtor's motion to convert was denied.  (Mot. to Convert Hr'g, May 16, 2006.) Subsequently, however, Appellant was permitted to file a reply brief and the Trustee was permitted to file a sur-reply. It appears from the record that, although there was never a second formal decision rendered, Appellant's conversion motion was "marked off" the bankruptcy docket on July 27, 2006. (Bankr. Docket Entry dated July 27, 2006.)  On June 6, 2006, Appellee filed a motion with the Bankruptcy Court requesting an order approving the sale of the Property to Giannini Construction Corporation ("Giannini Corp.").   After several hearings, the motion was granted on July 27, 2006 over Appellant's objections. (See August Order.)   Appellant made several applications to prevent the sale of the Property, and all of those applications were denied.   On October 17, 2006, Appellant filed a notice of appeal from the August Order.   In an Order dated August 22, 2007, this Court denied Appellant's motion to convert her Chapter 7 case to a Chapter 13 case, and granted in part and denied in part Appellee's motion for sanction.

On April 14, 2008, the case was reassigned to Judge Trust.  Thereafter, on February 13, 2009, Judge Trust entered an Order ("Trust Feb. 2009 Order") stating, in relevant part:

1. The Trustee's Final Report and accounting

is approved.

2. The Trustee hereby is awarded a commission in the sum of $18,075.24 and reimbursement of expenses in the sum of $599.27, and he is authorized to remit payment to himself of these amounts.

3. Meltzer, Lippe, Goldstein & Breitstone, LLP is awarded: (i) compensation in the reduced sum of $94,211.25, and (ii) reimbursement of expenses in the sum of $7,901.97, and the Trustee is authorized to remit payment to MLG of these amounts.

4. The Trustee is directed to distribute funds in the Trustee's account, after the distributions provided for in this Order, in accordance with the Trustee's Final Report.

5. After payment from the Estate account of all allowed claims, Court costs or monies which are due to be paid in or in connection with this case to claimants or parties in interest, the Trustee is directed to either: (a) commence an interpleader action in the New York State Court to deposit any surplus proceeds which exist in this Estate, or (b) turn over any surplus proceeds which exist in this Estate,[]to the New York State Court or to any person designated to receive such proceeds in a Final Order issued by the New York State Court ("State Court Turnover Order"), entered after advance notice to the Debtor and Mr. Lombardo (or their respective counsel), as soon as practicable after the later of the date that (i) this Order becomes final and non-appealable, (ii) the Trustee is served with a copy of such State Court Turnover Order, and (iii) the date that the Trustee makes all distributions herein.

(Trust Feb. 2009 Order 1-2 [DE 123].)

Appellant filed this appeal on April 10, 2009.

Shortly thereafter, on May 5, 2009, Appellant filed an "Emergency Motion for Extension of Time to File [her] Brief," giving a list of reasons why the Court should grant the extension. On September 4, 2009, Appellant filed what appears to be a fifteen-page document entitled "Appellant's (Barbara Negosh's) Reply To Appelle's [sic] (Neil Ackerman's) Opposition To My Emergency Motion For Extension Of Time For Filing My Brief And Counter-Motion To Dismiss The Appeal" (Docket Entry 7) that is nearly identical to her original "emergency motion for an extension of time." To date, Appellant has never submitted a brief in support of her appeal.

DISCUSSION

## I.   Standard Of Review

Federal district courts have jurisdiction to hear appeals from final judgments, orders, and decrees of bankruptcy judges. FED. R. BANKR. P. 8013. The Bankruptcy Court's "[f]indings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous." Id.; see also In re Momentum Mfg. Co., 25 F.3d 1132, 1136 (2d Cir. B.A.P. 1994); In re PCH Assocs., 949 F.2d 585, 597 (2d Cir. B.A.P. 1991). The Bankruptcy Court's legal conclusions, however, are reviewed de novo. See In re Momentum Mfg. Co., 25 F.3d at 1136.

II.  The Appeal Must Be Dismissed

        In reviewing the Appellant's application, the Court is
mindful that she is proceeding pro se and that her pleadings
should be held "to less stringent standards than formal
pleadings drafted by lawyers."  Hughes v. Rowe, 449 U.S. 5, 9,
101 S. Ct. 173, 66 L. Ed. 2d 163 (1980); Sealed Plaintiff v.
Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008).
Nevertheless, Appellant's papers are merely a listing of
incoherent assertions of fact and legal conclusions, none of
which can be a basis of appeal.

        Where the appellant's failure to file a brief is at
issue, the Court must use its "discretion to determine whether
dismissal is appropriate in the circumstances[,]" including
where the Appellant has acted in bad faith, negligently,
indifferently, or with dilatoriness.  See In re Futterman, No.
99-CV-8793, 2001 WL 282716, at *3 (S.D.N.Y. Mar. 21, 2001)
(citing In re MacInnis, 98-CV-2894, 1998 WL 409726, at *3
(S.D.N.Y. July 21, 1998); In re Vega, 93-CV-0083, 1995 WL
254368, at *2 (S.D.N.Y. May 1, 1995); Adler v. Bancplus Mortgage
Corp., 108 B.R. 435, 438 (S.D.N.Y. 1989); In re Tampa Chain Co.,
Inc., 835 F.2d 54, 55 (2d Cir. 1987)).  Courts in this Circuit
have dismissed appeals for an appellant's complete failure to
file a brief, as opposed to a late filing.

        In this case, it appears that Appellant has simply

filed a frivolous appeal because she disagrees with this Court's and Judge Trust's prior Orders. Moreover, she has made no attempt at going forward with the appeal, despite the Court's attempt to grant her every opportunity to do so. Accordingly, the appeal is DISMISSED.

CONCLUSION

For the aforementioned reasons, the Court GRANTS the Appellee's motion to dismiss the appeal. The Clerk of the Court is directed to mark this matter CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:     March  30 , 2010
           Central Islip, New York